IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. JAUREQUE,<br><br>   Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | No. C 11-06358 CRB<br><br>**ORDER DENYING PETITION FOR ATTORNEY'S FEES** |

Plaintiff Carlos Jaureque petitions the Court for the award of attorneys' fees and costs in the amount of $4,697.00 pursuant to the Equal Access to Justice Act ("EAJA"). See Pet. (dkt. 30) ¶ 10.[1] Defendant Carolyn Colvin ("Commissioner"), Commissioner of the Social Security Administration ("SSA"), opposes the Petition on the ground that her actions were substantially justified. See Opp'n (dkt. 31) at 3-7. After careful consideration of the parties' submissions and this Court's Order remanding the case in part, the Court DENIES Jaureque's request for attorneys' fees.

## I. BACKGROUND

The SSA found Jaureque to be disabled after he fell several stories from a window in 1988. See Administrative Record ("AR") (dkt. 16) at 162, 245. The SSA determined in 1993 and 1997 that his disability continued. Id. at 19. In 2007, the SSA concluded Jaureque was no longer disabled. Id. Jaureque sought review by an Administrative Law Judge ("ALJ") who concluded his disability had ended. Id. at 19, 26. The SSA Appeals Council denied review, making it the final decision of the Commissioner. Id. at 6.

---

[1] Jaureque increases his total claim for attorneys' fees to $5,249.96, to include payment of fees for litigating this Petition. Reply to Opp'n (dkt. 32) at 6.

On review, the Court affirmed the ALJ's decision that Jaureque has no more than mild social and behavior limitations. MSJ Order (dkt. 28) at 1. But, the Court remanded the case in part because substantial evidence did not support the ALJ's finding that Jaureque is not limited by fatigue. Id. In so doing, the Court noted that, although the ALJ had valid reasons to give limited weight to Jaureque's testimony and Dr. Pendleton's opinions, the administrative record did not include conflicting medical opinions as to the existence or extent of Jaureque's alleged fatigue. Id. at 9.

The Court emphasized that, to the extent the ALJ presented evidence that Jaureque is not limited by fatigue, the ALJ relied on his weightlifting activities. Id. at 12-13 ("A claimant's daily activities may constitute substantial evidence that the claimant is not disabled when the activities are inconsistent with a reported disability."). But, the Court noted, even the ability to engage in sporadic strenuous activity does not necessarily contradict a need to rest after that activity. Id. at 13 (citing Gardner v. Astrue, No. CV 08-2809, 2009 WL 2380080, at *3 (C.D. Cal. July 31, 2009)). Consequently, the Court remanded the case on this narrow basis, instructing the ALJ to identify or supplement the record with evidence that Jaureque is not limited by fatigue. Id. at 14.

## II. LEGAL STANDARD

The EAJA provides that a court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it is justified to a point that could satisfy a reasonable person; i.e., it has a reasonable basis in fact and in law. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position "with respect to the issue on which the court based its remand was 'substantially justified.'" Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995). The court must examine whether the government was substantially justified in its original act and its decision to defend it in court. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

2

## III. DISCUSSION

Jaureque alleges that he is entitled to attorneys' fees and costs pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), because securing a remand under 42 U.S.C. § 405(g) casts him as the prevailing party. Pet. at 4-5. He further asserts that, because "the Court held that the ALJ's finding in this regard was not supported by any substantial evidence," the Commissioner lacked substantial justification for his finding. Id. at 6. Conversely, the Commissioner maintains that she was substantially justified in fact and in law and emphasizes that the two standards—substantial evidence and substantial justification—are not interchangeable: "the Commissioner's position may be substantially justified even if it is not correct and a court found that substantial evidence did not support his decision." Opp'n at 2 (citing Pierce, 487 U.S. at 565). The Commissioner does not challenge the reasonableness of the attorneys' fees expended. Id.

### A. Substantial Justification In Fact Underlying The Administrative And Adjudicative Proceedings

Jaureque's Petition is brief, explaining that it is the Commissioner's burden to establish her decision was substantially justified with respect to the issue remanded. Pet. at 5. In response, the Commissioner lists a number of facts suggesting that her position had a reasonable basis in fact. Specifically, she points out the dearth of objective, credible evidence to support a finding of fatigue. Opp'n at 3-4. And, she emphasizes, the ALJ evaluated Jaureque's daily activities and determined that bodybuilding is inconsistent with fatigue. Id. at 5. In response, Jaureque argues that "[t]here is no evidence that [Jaureque] does not suffer from fatigue." Reply to Opp'n (dkt. 32) at 5. But, while the Court concluded that the ALJ misunderstood daily weightlifting as contradictory evidence of fatigue, such a basis does not constitute "no evidence" in support of the ALJ's decision, as Jaureque contends. See MSJ Order at 13. Accordingly, the Court finds that the ALJ had a reasonable basis in fact to disregard Jaureque's alleged fatigue limitations.

A position is substantially justified in fact if the ALJ's decision is supported by the record. In Lewis v. Barnhart, 281 F.3d 1081, 1083-84 (9th Cir. 2002), for example, the

3

1 Ninth Circuit reviewed the district court's decision to deny the claimant's request for
2 attorneys' fees, after the case was remanded on the issue of whether the claimant could
3 perform past work. The district court had found that the ALJ "badly mischaracterize[d]
4 Lewis' testimony regarding the exertional demands of her past relevant work as a gas station
5 attendant and ignored the 'clear direct evidence that her job required more than sedentary
6 work.'" Id. at 1083. Still, the Ninth Circuit upheld the district court's denial of attorneys'
7 fees because "the Commissioner's position had a reasonable basis in fact." Id. at 1084. The
8 Ninth Circuit noted that there was "testimony in the record that may reasonably be viewed as
9 casting doubt on Lewis's statements in her benefits application;" e.g., the claimant's
10 testimony that she could sit for several hours and her statement to a doctor that she could
11 perform work with these accommodations. Id. The Ninth Circuit therefore held that "the
12 district court expressly linked this evidence to th[e] specific error . . . ." Id.

13 Similarly, in McGinty v. Astrue, 471 F. App'x 679, 680 (9th Cir. 2012), the
14 government met its burden of demonstrating that its position was substantially justified with
15 respect to credibility findings, even though the district court reversed and remanded the
16 ALJ's credibility decision. The Ninth Circuit pointed out that the ALJ's adverse credibility
17 determination was based on two specific grounds: (1) "very few clinical findings" to support
18 the claimant's subjective symptom testimony, and (2) daily activities that were inconsistent
19 with the claimant's testimony. Id. These findings, the Ninth Circuit held, "have a reasonable
20 basis in fact because they find support in the record." Id. at 681.

21 Here, like in Lewis and McGinty, the Commissioner's adverse fatigue finding was
22 substantially justified because the inferences upon which it rested had substance in the
23 record. The Commissioner cited the following evidence in support of her position to defend
24 and adjudicate the proceedings: (1) the Court said the evidence on the issue of fatigue is
25 "complicated,"[2] (2) the Court affirmed the ALJ's finding that Jaureque's testimony was not

---

[2] See Le v. Astrue, 529 F.3d 1200, 1201 (9th Cir. 2008) ("Though incorrect, the commissioner's position was substantially justified . . . especially given the . . . complexity of [the claimant's] alleged mental problems") (emphasis added).

4

1 credible, (3) Jaureque's subjective complaints were motivated by his drug seeking habits,
2 (4) treating physician Dr. Pendleton opined that Jaureque sought testosterone shots "to get
3 big," (5) Dr. Bloom believed that Jaureque's subjective fatigue complaints were not related
4 to HIV, (6) the record lacked objective medical evidence of disabling fatigue, and
5 (7) Jaureque engaged in weightlifting and bodybuilding activities. Opp'n at 3-5. These facts
6 satisfy the substantial justification benchmark.

7 In contrast, courts have been reluctant to find substantial justification where the ALJ
8 rejects "fatigue testimony without explaining her reasons." Williams v. Colvin, No. C-11-
9 02962, 2013 WL 4758190, *3 (N.D. Cal. Sept. 4, 2013). In Williams, after the court rejected
10 most of the claimant's challenges to the ALJ decision and remanded on a limited basis, it
11 allowed for attorneys' fees because "the ALJ erred in failing to provide adequate reasons to
12 support her credibility determination." Id. at *2-3. The court explained that "it was unclear
13 precisely what the ALJ relied on in discrediting [the claimant's] testimony." Id. at *3.

14 Here, unlike in Williams, the ALJ spelled out the reasons for finding Jaureque's
15 fatigue complaints not credible[3]; that is, she did not not merely discount medical evidence on
16 the basis that it is subjective testimony, as was the case in Williams. Thus, while this Court
17 held that substantial evidence did not support the ALJ's fatigue finding, since weightlifting is
18 not inconsistent with fatigue, a reasonable person could still find basis in fact supporting the
19 ALJ's determination. See MSJ Order at 12.

### B. Substantial Justification In Law Underlying The Administrative And Adjudicative Proceedings

22 The Commissioner avers that her position had a reasonable basis in law because the
23 ALJ's actions were consistent with 20 C.F.R. §§ 404.1520b, 416.920b, which permit an
24 agency to clarify the record when evidence is insufficient or inconsistent. Opp'n at 5-6.

---

[3] The ALJ drew attention to Jaureque's "ability to live by himself, lift weights for an hour, meditate, use public transportation, prepare his own meals, perform household chores, clean, shop and do laundry," as well as "lift[] 80 pounds on the bench press and 25-30 pounds on curls." MSJ Order at 12-13 (citing AR at 24-25). And, this Court recognized that these activities are not as far removed from the requirements of a workplace. Id. at 13.

Jaureque, on the other hand, claims the ALJ ignored the well-settled adjudicative guidelines provided for under 20 C.F.R. §§ 404.1512(a), 416.912(a), which require the ALJ to consider whether Jaureque could sustain performance of his daily activities in a work environment. Reply to Opp'n at 4.[4] But, reading these provisions in harmony—i.e., the plaintiff's burden of proving his case on the one hand and the ALJ's duty to develop the record on the other—the latter is not a regulatory violation that defeats the reasonable basis in law inquiry. Consequently, despite the incomplete record as to Jaureque's fatigue claims, the Court finds that the Commissioner had a reasonable basis in law.

The ALJ went through the proper regulatory steps in determining Jaureque's fatigue limitations. According to SSA Regulations, Jaureque had the burden of showing he can no longer perform his past relevant work. See 20 C.F.R. §§ 404.1512(c), 416.912(c) (stating that the claimant is responsible for providing evidence of the severity of impairments). And although the ALJ still has a duty to make the requisite factual findings to support his conclusion, the regulations afford the ALJ substantial discretion in deciding how to proceed based on the evidence provided. See id. §§ 404.1520b(b)-(c), 416.920b(b)-(c) ("[if] we have insufficient evidence to determine whether you are disabled . . . we will determine the best way to resolve the inconsistency or insufficiency. . . . We might not take all of the actions listed below."). Here, the ALJ properly drew on two sources of information to reach a decision: (1) a lack of objective medical evidence, and (2) the claimant's daily activities. See McGinty, 471 F. App'x at 681 ("there is a reasonable basis in law because a lack of medical evidence and a claimant's daily activities are both factors that an ALJ can take into account when making a credibility determination").

Therefore, although this Court remanded the case for reconsideration of Jaureque's fatigue complaints, the ALJ nonetheless went through the procedural steps required to establish substantial justification in law. See Lewis, 281 F.3d at 1084 ("Although the district

---

[4] "In Social Security cases the ALJ has a special duty to fully and fairly develop the record, and this duty to supplement the record is triggered by ambiguous evidence." MSJ Order at 14 (quoting Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)).

court ultimately found that the ALJ erroneously characterized [the claimant's] testimony, the Commissioner . . . had a reasonable basis in law since . . . the ALJ must assess the claimant's testimony"). And, where, as here, the Court remanded the case with instruction that the ALJ either cite to or supplement the record with evidence to support denying Jaureque benefits, it seems inappropriate to force the government to pay attorneys' fees when it is not even clear that Jaureque will prevail on remand and receive benefits. As the Commissioner put it, "[t]he Court did not conclude. . . that substantial evidence supported the opposite view." Opp'n at 3. Thus, on this administrative record, the Commissioner's decision was "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. Accordingly, the Commissioner's position defending and litigating the ALJ's adverse fatigue determination was substantially justified in law.

**IV. CONCLUSION**

Because the Commissioner's decision was substantially justified in fact and in law, the Court DENIES Jaureque's Petition for Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

Dated: October 16, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

7