IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. JAUREQUE,<br><br>     Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>     Defendant. | No. 3:11-cv-06358-CRB<br><br>**ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEYS' FEES** |

In this Social Security case, Plaintiff Carlos A. Jaureque's counsel, Young Cho, seeks attorneys' fees under the Social Security Act, 42 U.S.C. § 406(b)(1)(A). See Mot. for Fees (dkt. 37). Specifically, Cho seeks fees in the amount of $12,800, which represents 25% of the total past-due benefits that the Administrative Law Judge ("ALJ") awarded to Jaureque after this Court remanded the matter for further proceedings. Id. at 3.

The retainer agreement between Jaureque and Cho entitles Cho to up to 25% of total past-due benefits following a favorable decision. See id. at Ex. 1. Under 42 U.S.C. § 406(b), a court entering judgment in favor of a claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Supreme Court has held that, in determining what constitutes a reasonable fee under section 406(b), courts are to give primacy to contingent fee

agreements. See Gisbrecht v. Barnhart, 535 U.S. 789, 807–08 (2002).

The Supreme Court held that a district court charged with determining a reasonable fee award under section 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," within the context of "looking first to the contingent-fee agreement, then testing it for reasonableness." Id. at 793, 808. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "'benefits are large in comparison to the amount of time counsel spent on the case.'" Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 808). "The attorney bears the burden of establishing that the fee sought is reasonable." Id. (citing Gisbrecht, 535 U.S. at 807).

In accordance with the Supreme Court's mandate, this Court approaches Cho's request for fees "by looking first to the contingent-fee agreement, then testing it for reasonableness." Gisbrecht, 535 U.S. at 808. The Court finds that the amount Cho seeks is reasonable under the facts of this case. Cho achieved a fully favorable decision in which Jaureque received substantial past-due benefits dating back to September 2009. See Mot. Fees Ex. 3. Moreover, "no reduction in fees for dilatory conduct [is] warranted," as Cho does not appear to have engaged in "excessive delay which resulted in an undue accumulation of past-due benefits." See Crawford, 586 F.3d at 1151. Finally, the requested fees are not "excessively large in relation to the benefits achieved," particularly in light of the significant risk involved in this particular case, where the ALJ did not award fees until a remand from this Court. See id.; Mot. Fees Ex. 4. Accordingly, Cho's motion for fees in the amount of $12,800 is GRANTED.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE